IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GAVINO MR. RIVAS,<br>   Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:18-CV-01465 |
| CITY OF LEAGUE CITY and<br>LEAGUE CITY POLICE<br>DEPARTMENT<br>   Defendants. | § § § § | |

**CITY OF LEAGUE CITY'S TRIAL BRIEF REGARDING
MANDATORY EXCLUSION OF EVIDENCE OF DAMAGES**

Rule 26 requires mandatory disclosure of computation of damages claimed and production of related documentary evidence related to the same. The disclosure requirement is automatic and mandatory.

Having admitted that Plaintiff has never made any such disclosures, even after being reminded of this failure at Plaintiff's deposition in June of 2019, coupled with the fact Plaintiff could not identify any damages during his deposition in 2019, as well as Plaintiff's failure to produce documents related to potential damages *in response to direct requests for production,* the Court is required under Rule 37 to exclude any evidence of any damages Plaintiff might now wish to present at trial. Anything else would be a trial by ambush and a denial of the City's right to due process.

**Introduction**

On March 4, 2019, only after being reminded of his duty to do so, Plaintiff served his Rule 26 initial disclosures in which, Plaintiff completely failed to provide any computation of damages and, instead, stated "Plaintiff lacks the information at this time to determine an exact estimate of damages he has accrued to date." *See* Exhibit A.

At his deposition on June 3, 2019, Plaintiff testified he was seeking money damages, but he could not identify any amount or calculation thereof. Defendant's counsel expressly pointed out Plaintiff's failure to disclose the same information in his Rule 26 disclosures, to which Plaintiff's counsel responded Plaintiff's disclosures were still "not complete" and "subject to supplementation and updating." However, **Plaintiff has never supplemented his disclosures** and he has never provided a computation of any damages claimed or documents supporting any such computation.

But, as they say, that's not all. In addition to failing to provide *any* identification, let alone computation, of *any* damages Plaintiff claims, Plaintiff also failed to produce any documentation relating to any damage in response to specific requests for production the City served on November 7, 2018. Specifically, Plaintiff never produced any documents responsive to the City's requests for production seeking documents identifying or evidencing

any portion of damages Plaintiff alleges. *See* Exhibit B, Request Nos. 33. Plaintiff also failed to produce any documents responsive to the City's request for Plaintiff's tax returns from 2014 through the date of trial. *See* Exhibit B, Request No. 34.

Accordingly, Plaintiff's deposition was useless on the issue of damages, if any, without any disclosures and without Plaintiff's production of documents the City had specifically requested to be able to examine the Plaintiff about his damage claims, as is the City's right *well in advance of trial.* Plaintiff's "testimony" was useless under circumstances Plaintiff alone created through his utter disregard of his basic discovery obligations:

3. Q. Okay are you out any money as a result of being fired by
4. the League City Police Department?

5. **A. Yes, sir.**

6. Q. How much?

7. **A. That, I don't have the exact figure in front of**
8. **me, sir.**

9. Q. Okay.

10. Mr. Helfand: Do we have disclosures?

11. Mr. Timmons: We provided a summary subject to
12. supplementation and updating.

13. Mr. Helfand: Well, there will be a
14. disclosure.

| 15. | Mr. Timmons: | Remember that list? |
| 16. | | It can be supplemented. |
| 17. | Mr. Helfand: | Okay. |
| 18. | Mr. Timmons: | It's not complete, but it's |
| 19 | | an initial disclosure. |

Exhibit C, 51:3-19.

Despite Plaintiff's counsel's admission that Plaintiff's Rule 26 disclosures were incomplete, Plaintiff never supplemented his disclosures to provide a computation of the damages Plaintiff seeks nor did he even identify, let alone produce, documents related thereto.[1]

Simply put, Plaintiff failed in his initial obligation to provide a computation of damages and related documentation, a statutorily mandated duty, and then Plaintiff ignored every effort by the City – through requests for production, in deposition question, and in asking Plaintiff's counsel to address what even he admitted were the deficiencies of Plaintiff's disclosures - to try to obtain information and conduct discovery about any claim for damage and the method of calculating it. Now, Plaintiff wishes to ambush the City at trial

---

[1] At the pre-trial conference on October 16, 2020, Plaintiff's counsel said that fault for failure to produce at least his tax returns lays with Plaintiff himself, despite what Plaintiff's counsel advised the Court were numerous requests from Plaintiff's own counsel. *If that is true,* **Plaintiff, not the City, must suffer the consequences**. Certainly that accounting precludes the Court from finding that Plaintiff's failure is either excusable or harmless; his own lawyer has admitted the importance of at least these documents.

with claims, calculations, and even undisclosed and unproduced documents, on the entire issue of damages. This is exactly what Rule 37 is intended to preclude and the Court should enforce the Rule as written. Because **it is undisputed** Plaintiff completely failed to provide any evidence regarding his computation of damages and it cannot be asserted that that such complete failure, particularly under the facts in this particular case, is justified or harmless, Rule 37 requires the Court preclude Plaintiff from offering any argument, testimony, or other evidence regarding any claim for undisclosed, alleged damages.

**Argument & Authorities**

**a. Plaintiff is precluded from presenting any evidence of damages at trial under Rule 37.**

"Federal Rule of Civil Procedure 26(a) provides that 'a party must, *without awaiting* a discovery request, provide to the other parties...a computation of each category of damages claimed by the disclosing party.'" *Binh Hoa Le v. Exter Fin. Corp.*, 2019 U.S. Dist. LEXIS 55056, at *158 (N.D. Tex. 2019) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added)). Further "[a] party who has made a disclosure under Rule 26(a)...must supplement or correct [his] disclosure or response...in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has

otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless." Fed. R. Civ. 37(c)(1) (emphasis added); *see also, Moore v. City of Houston*, 2019 U.S. Dist. LEXIS 231430, at *14 (S.D. Tex. 2019) (Judge David Hittner presiding); *see also*, *Yazdchi v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 239476, at *5 (S.D. Tex. 2018) (Judge David Hittner presiding). Rules 26 and 37 are based on the recognition that it is in discovery that parties must be allowed "to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve previous judicial energies.'" *Yazdchi*, 2018 U.S. Dist. LEXIS 239476, at *5 (quoting *In re LeBlanc*, 559 F. App'x 389, 392 (5th Cir. 2014) (per curiam)).

Here, Plaintiff does not even dispute that he completely failed in his Rule 26 disclosure obligations, his duty to provide documents and things responsive to requests under Rule 34, *and* his duty to testify truthfully in

deposition under Rule 30,[2] in that Plaintiff **still has never provided a computation of damages and documents supporting the same**. Of course, now it is too late. Whether by Plaintiff's design or complete ignorance of the Rules – even though his counsel was expressly reminded to comply over a year before trial - the City cannot be required to learn of this information for the first time at trial and without the ability to investigate it, including examining the Plaintiff in deposition, *just as the City attempted to do over 20 months ago.* Since, Plaintiff cannot demonstrate such failure is substantially justified or harmless, Rule 37(c) **mandates** the exclusion of any evidence of Plaintiff's alleged damages. *C.f. Rankin Constr. Nat'l Builders, L.L.C. v. Frank H. Reis*, 2018 U.S. Dist. LEXIS 39745, at *9-11 (N.D. Tex. 2018) (holding plaintiff could not carry its burden in proving damages because the plaintiff failed to provide a computation of plaintiff's claim for damages, as required under Rule 26); *Moore v. City of Houston*, 2019 U.S. Dist. LEXIS 231430, at *14 (Judge David Hittner presiding) ("[f]ailure to comply with Rule 26(a) will preclude a party from presenting the nondisclosed evidence unless the failure to comply is substantially justified or is harmless."); *Martinez v. Master Licensing, LP*, 2010 U.S. Dist. LEXIS 103246, at *1-14

---

[2] Indeed, if Plaintiff's deposition testimony is to be believed, Plaintiff had still not made any effort to calculate any damages *more than a year after he filed suit*

(S.D. Tex. 2010) (Chief Judge Hayden Head presiding) (dismissing case under, *inter alia*, Rule 37 due to plaintiff's failure to disclose and supplement a computation of damages ); *Binh Hoa1*, 2019 U.S. Dist. LEXIS 55056, at *162-163 (N.D. Tex 2019) (Judge Sam Lindsay presiding) (excluding plaintiff's evidence of damages under Rule 37 because plaintiff failed to timely provide computation of damages and dismissing the plaintiff's claim for lack of evidence of damages).

      **b.    Plaintiff cannot carry his burden in proving lost wages or benefits**

Particularly apt to the well-settled law that a plaintiff's failure to comply with Rule 26(a) mandates exclusion of undisclosed information under Rule 37(c), Plaintiff cannot carry his burden to prove he suffered any damages. Under USERRA, a plaintiff is limited to a) a court order requiring the employer to comply with USERRA; b) loss of wages or benefits suffered by reason of employer's failure to comply with USERRA; and c) liquidated damages in the amount of loss of wages or benefits suffered by reason of employer's failure to comply with USERRA. 38 USC § 4323(d)(1)(A)(B)(C).

If a plaintiff has no evidence of lost wages or benefits, as is the case here, the plaintiff "cannot recover anything based on [his] [] USERRA claims." *Norris v. Franciscan Physician Network/Specialty Physicians of Ill,*, 2018 U.S. Dist. LEXIS 149678, at *20 (N.D. Ill. 2018).

## **CONCLUSION**

Consistent with Rule 37, the Court should – indeed and with all due respect it is required to - exclude any comment, argument, testimony, or evidence of any of Plaintiff's alleged damages because Plaintiff failed to provide a computation of damages as required under Rule 26(a) and Plaintiff has also failed to disclose, provide deposition testimony about, or respond to requests for production seeking any evidence supporting his claim for damages.

Because Plaintiff cannot prove any claim for any damages under USERRA, this Court should also dismiss Plaintiff's claims against the City.

Respectfully submitted,

*/s/ William S. Helfand*
WILLIAM S. HELFAND
Texas Bar No.: 09388250
ANDREW W. GRAY
Texas Bar No. 24099826
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
bill.helfand@lewisbrisbois.com
Andrew.gray@lewisbrisbois.com
***ATTORNEYS FOR DEFENDANT
CITY OF LEAGUE CITY***

## **CERTIFICATE OF SERVICE**

      I hereby certify a true and correct copy of the foregoing instrument has been served through the Court's ECF system on October 18, 2020 on all counsel of record.

      /s/ *William S. Helfand*
      William S. Helfand